## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Walbridge Aldinger Company | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | Jury Trial Requested |
| | ) | |
| D&N Electric Company, | ) | |
| DNS Consolidated, Inc., and | ) | |
| Matthew Armstrong, Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **COMPLAINT**

Plaintiff, Walbridge Aldinger Company ("Walbridge"), files this Complaint against Defendants D&N Electric Company ("D&N"), DNS Consolidated, Inc. ("DNS"), and Matthew Armstrong ("Armstrong"), individually.

### **The Parties, Project, Jurisdiction and Venue**

1. Walbridge is a Michigan Corporation authorized to do business and doing business in the state of Georgia.

2. D&N is a Georgia Corporation authorized to do business and doing business in the state of Georgia. D&N may be served with process by serving its registered agent for process, Ronald Garber, 3490 Piedmont Road, Suite 650, Atlanta, Fulton County, Georgia, 30305.

1

3. DNS is a Georgia Corporation authorized to do business and doing business in the State of Georgia. DNS may be served with process by serving its registered agent for process, Ronald Garber, 3490 Piedmont Road, Suite 650, Atlanta, Fulton County, Georgia, 30305.

4. Armstrong is a Georgia resident and may be served with process at 13656 Highway 18 West, Zebulon, Pike County, Georgia 30295.

5. Plaintiff and Defendants are citizens of different states. This is an action for money damages in excess of $75,000, exclusive of interest, costs, and attorney fees. As such, this Court has subject matter jurisdiction over this dispute according to 28 U.S.C. § 1332(a)(1).

6. This Court has personal jurisdiction over the parties because they are all doing business in Georgia and the transactions that give rise to this action occurred in Georgia.

7. Venue in this Court is proper under 28 U.S.C. § 1391.

8. Armstrong is the president and owner of D&N. Upon information and belief, Armstrong has an interest in DNS and has acted on behalf of DNS.

9. This action arises from two federal government construction projects: (1) The United States Army Corps of Engineers, Armed Forces Reserve Center, at

Ft. Benning, Georgia ("Reserve Center Project"), and (2) the 5th Infantry Brigade Combat Team Complex at Ft. Stewart, Georgia ("IBCT Project").

10. All conditions precedent to the filing of this action have been performed, excused, or waived.

### Reserve Center Project

11. Walbridge entered into a contract with the U.S. Army Corps of Engineers to construct the Reserve Center Project.

12. In June 2010, Walbridge entered into a subcontract ("Reserve Center Subcontract") with DNS to provide labor, materials, and services for the electrical scope of work on the Reserve Center Project. A true and correct copy of the Reserve Center Subcontract is attached hereto and incorporated herein by reference as Exhibit A.

13. Walbridge made payments to DNS for its work. Under the terms of the subcontract and according to federal regulations, DNS was obligated to make payments to subcontractors and suppliers based on the payments made by Walbridge to DNS.

14. During the course of the Reserve Center Project, Walbridge discovered that DNS was failing to pay its sub-subcontractors and suppliers as

required by law and the Reserve Center Subcontract. As a result of this, Walbridge was forced to pay one of DNS's sub-subcontractor s directly.

15. DNS was also obligated to complete its work according to certain schedules, to provide warranty information, to comply with regulations applicable to federal government construction contracts – particularly the Federal Acquisition Regulation – and to complete its work as stated in the Reserve Center Subcontract.

16. During the course of the Reserve Center Project, Walbridge discovered several breaches of the Reserve Center Subcontract by DNS:

- DNS failed to pay its sub-subcontractors and suppliers.
- DNS failed and refused to complete certain work required under the Reserve Center Subcontract.
- DNS failed to furnish Walbridge with certain warranties as required by the Reserve Center Subcontract.
- DNS failed to complete its work according to the schedule as required by the Reserve Center Subcontract.
- DNS damaged work of other subcontractors on the Reserve Center Project and failed to correct that work.
- According to the Project owner, DNS failed to comply with the Buy-American Act, as required under the Reserve Center Subcontract.

- DNS submitted recently submitted claims that are not supported by proper documentation as required under the Reserve Center Subcontract and, upon information and belief, such claims are intentionally inflated in violation of the Reserve Center Subcontract and federal law.
- Upon information and belief, DNS overbilled Walbridge for work in violation of the Reserve Center Subcontract and federal law.

17. In November 2011, and apparently in retaliation to several of the above subcontract breaches raised by Walbridge, DNS principal Armstrong and two accomplices entered the Reserve Center Project trailer and physically assaulted Walbridge's project manager, sending him to the hospital and causing significant personal injury. This attack is currently under investigation by federal authorities.

**IBCT Project**

18. Walbridge entered into a contract with the U.S. Army Corps of Engineers to construct the IBCT Project.

19. In October 2009, Walbridge entered into a subcontract ("IBCT Subcontract") with D&N to provide labor, materials, and services for the electrical scope of work on the IBCT Project. A true and correct copy of the IBCT Subcontract is attached hereto and incorporated herein by reference as Exhibit B.

20. During the course of the IBCT Project, Walbridge discovered several breaches of the IBCT Center Subcontract by D&N:

- D&N failed and refused to complete certain work required under the IBCT Subcontract
- D&N failed to furnish Walbridge with certain warranties as required by the IBCT Subcontract
- D&N failed to complete its work according to the schedule as required by the IBCT Subcontract
- D&N damaged work of other subcontractors on the IBCT Project and failed to correct that work.
- According to the Project owner, D&N failed to comply with the Buy-American Act, as required under the IBCT Subcontract.
- D&N submitted recently submitted claims that are not supported by proper documentation as required under the IBCT Subcontract and, upon information and belief, such claims are intentionally inflated in violation of the IBCT Subcontract and federal law.
- Upon information and belief, D&N overbilled Walbridge for work in violation of the IBCT Subcontract and federal law.

- D&N failed to perform its design-assist role as required under the IBCT Subcontract.

**Count I**

**<u>Breach of Contract – Reserve Center Subcontract</u>**

21. Walbridge incorporates by reference paragraphs 1 through 20 of its Complaint as if fully set forth herein.

22. DNS materially breached the terms and conditions of the Reserve Center Subcontract as noted herein.

23. As a result of DNS's breaches of the Reserve Center Subcontract, Walbridge incurred certain damages, including, without limitation, costs to remedy and complete DNS's work and costs associated with the loss of key personnel.

24. Walbridge has performed its obligations under the Reserve Center Subcontract and is entitled to recover these damages (including, without limitation, attorneys' fees) from DNS as provided under the terms of the Reserve Center Subcontract.

25. Walbridge is entitled to judgment against DNS for breach of the Reserve Center Subcontract in an amount to be proven at trial.

## Count II

## Breach of Contract – IBCT Subcontract

26. Walbridge incorporates by reference paragraphs 1 through 20 of its Complaint as if fully set forth herein.

27. D&N materially breached the terms and conditions of the IBCT Subcontract as noted herein.

28. As a result of D&N breaches of the IBCT Subcontract, Walbridge incurred certain damages, including, without limitation, costs to remedy and complete D&N's work.

29. Walbridge has performed its obligations under the IBCT Subcontract and is entitled to recover these damages (including, without limitation, attorneys' fees) from D&N as provided under the terms of the IBCT Subcontract.

30. Walbridge is entitled to judgment against D&N for breach of the IBCT Subcontract in an amount to be proven at trial.

## Count III

## Tortious Interference with Contractual Relations

31. Walbridge incorporates by reference paragraphs 1 through 30 of its Complaint as if fully set forth herein.

32. Upon information and belief, DNS failed and refused to pay its sub-subcontractors and suppliers on the Reserve Center Project in order to obtain leverage or advantages for D&N in resolving D&N's claims for additional payment on the IBCT Project and in defending D&N's breaches of the IBCT Subcontract.

33. Armstrong acted individually and on behalf of DNS and D&N in physically assaulting Walbridge's project manager in order to intimidate Walbridge and in order to obtain leverage or advantages for DNS and D&N in resolving D&N's claims for additional payment on the IBCT Project and in defending DNS and D&N's breaches of their respective Subcontracts.

34. Armstrong, DNS, and D&N's assault on Walbridge's project manager, and DNS's failure to pay its sub-subcontractors and suppliers, are malicious and without justifiable cause.

35. Armstrong, DNS, and D&N's assault on Walbridge's project manager, and DNS's failure to pay its sub-subcontractors and suppliers, made Walbridge's performance of its prime contracts with the U.S. Army Corps of Engineers to construct the Reserve Center Project and the IBCT Project more difficult and more expensive and caused Walbridge increased trouble and expense.

36. Armstrong, DNS, and D&N's assault on Walbridge's project manager, and DNS's failure to pay its sub-subcontractors and suppliers, made Walbridge's performance of its other subcontracts for construction of the Reserve Center Project and the IBCT Project more difficult and more expensive and caused Walbridge increased trouble and expense.

37. Walbridge's increased costs and expenses in performing its prime contacts and other subcontracts on the Reserve Center Project and the IBCT Project damaged Walbridge in an amount exceeding $75,000. Walbridge is entitled to damages against Armstrong, DNS, and D&N, jointly and severally, for interference with contractual relations.

## Count IV

### Attorney's Fees – O.C.G.A § 13-6-11

38. Walbridge incorporates by reference paragraphs 1 through 37 of its Complaint as if fully set forth herein.

39. D&N and DNS have been stubbornly litigious and acted in bad faith and caused Walbridge unnecessary time and expense concerning this litigation.

40. Walbridge is entitled to recover its attorneys' fees and litigation expenses according to O.C.G.A. § 13-6-11.

Wherefore, Walbridge requests a trial by jury and prays that it have judgment entered against D&N, DNS, and Armstrong as follows:

a. On Count I for breach of contract against DNS relating to the Reserve Center Project in an amount to be determined at trial, plus interest and attorneys' fees as provided in the Reserve Center Subcontract;

b. On Count II for breach of contract against D&N relating to the IBCT Project in an amount to be determined at trial, plus interest and attorneys' fees as provided in the IBCT Subcontract;

c. On Count III for tortious interference with contractual relations against D&N, DNS, and Armstrong individually, jointly and severally, in an amount to be determined at trial, plus punitive damages to deter the defendants from similar conduct in the future;

d. On Count IV for attorneys' fees and expenses of litigation against DNS and D&N according to O.C.G.A. § 13-6-11; and

e. Such other and further relief as the court deems just and proper.

Respectfully submitted this 30th day of December, 2011.

                              SMITH, CURRIE & HANCOCK LLP

                              /s/ Eric L. Nelson
                              Eric L. Nelson
                              Georgia Bar No 537850
                              elnelson@smithcurrie.com
                              Douglas L. Tabeling
                              Georgia Bar No 123671
                              dltabeling@smithcurrie.com
                              2700 Marquis One Tower
                              245 Peachtree Center Avenue N.E.
                              Atlanta, Georgia 30303-1227
                              Telephone:    (404) 521-3800
                              Facsimile:    (404) 688-0671