IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WALBRIDGE ALDINGER COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> D&N ELECTRIC COMPANY, ) <br> DNS CONSOLIDATED, INC., and ) <br> MATTHEW ARMSTRONG, Individually, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action <br> File No. 1:11-CV-04602-ODE |

**WALBRIDGE ALDINGER COMPANY'S ANSWER TO COUNTERCLAIM OF DNS CONSOLIDATED, INC.**

Walbridge Aldinger Company ("Walbridge") answers the counterclaim of DNS Consolidated, Inc. ("DNS") as follows:

### AFFIRMATIVE DEFENSES

1. DNS's counterclaim fails to state a claim upon which relief can be granted.

2. DNS's action is barred in whole or in part by the failure to satisfy, or the non-occurrence of, various conditions precedent contained in the subcontract agreement (the "Subcontract") between Walbridge and DNS concerning the Armed Forces Reserve Center construction project (the "Project") at Fort Benning,

Georgia, including but not limited to DNS's failure to provide proper notice of its claims according to the Subcontract terms, DNS's failure to submit its claims according to the Subcontract terms, DNS's waiver and release of its claims, DNS's requests for payment for claims that are not compensable according to the Subcontract terms, and DNS's failure to perform and complete its work according to the Subcontract terms.

3. DNS's action is barred in whole or in part by DNS's failure to submit its requests for adjustments to its Subcontract time and amount to Walbridge as required by the Subcontract to be passed through to the U.S. Army Corps of Engineers (the "Government").

4. DNS's action is barred in whole or in part by Walbridge's payment to DNS.

5. DNS's action is barred in whole or in part by the doctrine of accord and satisfaction.

6. DNS's action is barred in whole or in part by waiver.

7. DNS's action is barred in whole or in part by release.

8. DNS failed to perform its Subcontract obligations, therefore its action is barred by failure of consideration.

9. DNS's action is barred in whole or in part by recoupment.

10. DNS's action is barred in whole or in part by estoppel.

11. Count Two of DNS's Complaint is barred by the existence of a written contract (the Subcontract) that governs all of DNS's work on the Project and that governs the payment to which DNS is entitled for such work.

12. Count Two of DNS's Complaint is barred because Walbridge derived no benefit from DNS's work on the Project beyond what was called for by the Subcontract.

## RESPONSES TO NUMBERED PARAGRAPHS

## PARTIES, JURISDICTION, AND VENUE

1. Walbridge is without sufficient information to admit or deny the averments of Counterclaim Paragraph 1, therefore, such averments are denied.

2. Walbridge admits the averments of Counterclaim Paragraph 2.

3. Walbridge admits the averments of Counterclaim Paragraph 3.

4. Walbridge admits the averments of Counterclaim Paragraph 4.

## COUNT ONE
## BREACH OF CONTRACT

5. Walbridge reasserts and incorporates by this reference the responses to Counterclaim Paragraphs 1 through 4 stated above.

6. Walbridge admits the averments of Counterclaim Paragraph 6.

7. Walbridge admits in part and denies in part the averments of Counterclaim Paragraph 7. Walbridge admits that in June 2010 DNS and Walbridge entered into a subcontract agreement concerning the Armed Forces Reserve Center construction project (the "Project") at Fort Benning, Georgia (the "Subcontract"). The Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 7 that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Counterclaim Paragraph 7.

8. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 8 that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Counterclaim Paragraph 8.

9. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 9 that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Counterclaim Paragraph 9.

10. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 10

that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 10.

11. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 11 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 11.

12. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 12 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 12.

13. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 13 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 13.

14. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 14 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 14.

15. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 15 that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Counterclaim Paragraph 15.

16. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 16 that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Counterclaim Paragraph 16.

17. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 17 that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Counterclaim Paragraph 17.

18. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 18 that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Counterclaim Paragraph 18.

19. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 19

- 7 -

that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 19.

20.     Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 20 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 20.

21.     Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 21 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 21.

22.     Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 22 and Subparagraphs 22(a) through 22(p) that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 22 and Subparagraphs 22(a) through 22(p).

23.     Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 23 and Subparagraphs 23(a) and (b) that are inconsistent with or not directly derived

from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 23 and Subparagraphs 23(a) and (b).

24.     Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 24 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 24.

25.     Walbridge denies the averments of Counterclaim Paragraph 25 and Subparagraphs 25(a) through 25(s).

26.     Walbridge denies the averments of Counterclaim Paragraph 26.

27.     Walbridge denies the averments of Counterclaim Paragraph 27.

28.     Walbridge denies the averments of Counterclaim Paragraph 28.

29.     Walbridge denies the averments of Counterclaim Paragraph 29.

30.     Walbridge denies the averments of Counterclaim Paragraph 30.

31.     Walbridge denies the averments of Counterclaim Paragraph 31.

32.     Walbridge admits in part and denies in part the averments of Counterclaim Paragraph 32.  Walbridge admits that Walbridge paid NetPlanner Systems, Inc. $355,252.00 and that Walbridge paid AFA Protective Services $108,727.20.  Walbridge denies all remaining averments of Counterclaim Paragraph 32.

33. Walbridge denies the averments of Counterclaim Paragraph 33.

34. Walbridge denies the averments of Counterclaim Paragraph 34.

35. Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 35 that are inconsistent with or not directly derived from the Subcontract. Walbridge denies all remaining averments of Counterclaim Paragraph 35.

36. Walbridge denies the averments of Counterclaim Paragraph 36.

37. Walbridge denies the averments of Counterclaim Paragraph 37.

### COUNT TWO
### QUANTUM MERUIT
### (IN THE ALTERNATIVE TO COUNT ONE)

38. Walbridge reasserts and incorporates by this reference the responses to Counterclaim Paragraphs 1 through 4 stated above.

39. Walbridge denies the averments of Counterclaim Paragraph 39.

40. Walbridge denies the averments of Counterclaim Paragraph 40.

41. Walbridge denies the averments of Counterclaim Paragraph 41.

42. Walbridge denies the averments of Counterclaim Paragraph 42.

43. Walbridge denies the averments of Counterclaim Paragraph 43.

44. Walbridge denies the averments of Counterclaim Paragraph 44.

45. Walbridge denies the averments of Counterclaim Paragraph 45.

Walbridge denies the averments following Counterclaim Paragraph 45 and contained in the prayer for relief and the *ad damnum* clause, as well as any other averments contained in the Counterclaim that are not specifically admitted hereinabove.

WHEREFORE, Walbridge prays that the Court enter judgment in favor of Walbridge and against DNS on all Counts contained in this Counterclaim, and that the Court grant Walbridge such further and additional relief as it deems just and proper.

This 15th day of February, 2012.

    SMITH, CURRIE & HANCOCK LLP

    /s/ Douglas L. Tabeling
    Eric L. Nelson
    Georgia Bar No. 537850
    elnelson@smithcurrie.com
    Douglas L. Tabeling
    Georgia Bar No. 123671
    dltabeling@smithcurrie.com
    Smith, Currie & Hancock LLP
    245 Peachtree Center Avenue, N.E.
    Suite 2700 Marquis One Tower
    Atlanta, Georgia   30303-1227
    Telephone:   404-521-3800
    Facsimile:   404-688-0671

    Attorneys for Walbridge Aldinger Company

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **WALBRIDGE ALDINGER COMPANY'S ANSWER TO COUNTERCLAIM OF DNS CONSOLIDATED, INC.** filed with the Clerk of the Court has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1C.

This 15th day of February, 2012.

>/ s/ Douglas L. Tabeling
Douglas L. Tabeling
Georgia Bar No. 123671
dltabeling@smithcurrie.com
Smith, Currie & Hancock LLP
245 Peachtree Center Avenue, N.E.
Suite 2700 Marquis One Tower
Atlanta, Georgia   30303-1227
Telephone:    404-521-3800
Facsimile:     404-688-0671

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **WALBRIDGE ALDINGER COMPANY'S ANSWER TO COUNTERCLAIM OF DNS CONSOLIDATED, INC.** has been filed electronically via the Court's CM/ECF system, which will send Notice of Electronic Filing to the following:

| | |
|---|---|
| Brian Joseph Duva | bduva@mfllaw.com |
| Jeremy Catlin | jeremy.catlin@swiftcurrie.com |
| Kenneth A. Shapiro | kshapiro@mindspring.com |
| Patrick Joseph O'Connor | patrick@mitchellshapiro.com |
| Ronald J. Garber | ron@wzlegal.com |
| Stephen Michael Schatz | steve.schatz@swiftcurrie.com |

This 15th day of February, 2012.

/s/ Douglas L. Tabeling
Douglas L. Tabeling
Georgia Bar No. 123671
dltabeling@smithcurrie.com
Smith, Currie & Hancock LLP
245 Peachtree Center Avenue, N.E.
Suite 2700 Marquis One Tower
Atlanta, Georgia   30303-1227
Telephone:    404-521-3800
Facsimile:     404-688-0671