IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WALBRIDGE ALDINGER COMPANY, )
)
        Plaintiff, )
)       Civil Action
v. )       File No. 1:11-CV-04602-ODE
)
D & N ELECTRIC COMPANY, )
DNS CONSOLIDATED, INC., and )
MATTHEW ARMSTRONG, Individually, )
)
        Defendants. )
_____)

**WALBRIDGE ALDINGER COMPANY'S ANSWER TO
COUNTERCLAIM OF D & N ELECTRIC COMPANY**

      Walbridge Aldinger Company ("Walbridge") answers the counterclaim of

D & N Electric Company ("D & N") as follows:

**<u>AFFIRMATIVE DEFENSES</u>**

      1.     D & N's counterclaim fails to state a claim upon which relief can be

granted.

      2.     D & N's action is barred in whole or in part by the failure to satisfy,

or the non-occurrence of, various conditions precedent contained in the subcontract

agreement (the "Subcontract") between Walbridge and D & N concerning the

5th Infantry Brigade Combat Team Complex construction project (the "IBCT

Project") at Fort Stewart, Georgia, including but not limited to D & N's failure to provide proper notice of its claims according to the Subcontract terms, D & N's failure to submit its claims according to the Subcontract terms, D & N's waiver and release of its claims, D & N's requests for payment for claims that are not compensable according to the Subcontract terms, and D & N's failure to perform and complete its work according to the Subcontract terms.

3.      D & N's action is barred in whole or in part by D & N's failure to submit its requests for adjustments to its Subcontract time and amount to Walbridge as required by the Subcontract to be passed through to the U.S. Army Corps of Engineers (the "Government").

4.      D & N's action is barred in whole or in part by Walbridge's payment to D & N.

5.      D & N's action is barred in whole or in part by the doctrine of accord and satisfaction.

6.      D & N's action is barred in whole or in part by waiver.

7.      D & N's action is barred in whole or in part by release.

8.      D & N failed to perform its Subcontract obligations, therefore its action is barred by failure of consideration.

9.      D & N's action is barred in whole or in part by recoupment.

10.    D & N's action is barred in whole or in part by estoppel.

11.    Count Two of D & N's Complaint is barred by the existence of a written contract (the Subcontract) that governs all of D & N's work on the IBCT Project and that governs the payment to which D & N is entitled for such work.

12.    Count Two of D & N's Complaint is barred because Walbridge derived no benefit from D & N's work on the IBCT Project beyond what was called for by the Subcontract.

## RESPONSES TO NUMBERED PARAGRAPHS

## PARTIES, JURISDICTION, AND VENUE

1.    Walbridge is without sufficient information to admit or deny the averments of Counterclaim Paragraph 1; therefore, such averments are denied.

2.    Walbridge admits the averments of Counterclaim Paragraph 2.

3.    Walbridge admits in part and denies in part the averments of Counterclaim Paragraph 3.  Walbridge admits that it is incorporated in Michigan and that it has its principal place of business in Michigan.  Walbridge is without sufficient information to admit or deny the remaining averments of Counterclaim Paragraph 3; therefore, such averments are denied.

4.    Walbridge admits the averments of Counterclaim Paragraph 4.

<u>**COUNT ONE**</u>
<u>**BREACH OF CONTRACT**</u>

5.      Walbridge reasserts and incorporates by this reference the responses to Counterclaim Paragraphs 1 through 4 stated above.

6.      Walbridge admits the averments of Counterclaim Paragraph 6.

7.      Walbridge admits in part and denies in part the averments of Counterclaim Paragraph 7.  Walbridge admits that D & N and Walbridge entered into a subcontract agreement (the "Subcontract") concerning the 5th Infantry Brigade Combat Team Complex construction project (the "IBCT Project") at Fort Stewart, Georgia.  The Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 7 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 7.

8.      Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 8 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 8.

9.      Walbridge avers that the Addendum is a written document that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 9 that are

inconsistent with or not directly derived from the Addendum.  Walbridge denies all remaining averments of Counterclaim Paragraph 9.

10.    Walbridge avers that the Subcontract is a written agreement that speaks for itself and that the Addendum is a written document that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 10 that are inconsistent with or not directly derived from the Subcontract or the Addendum. Walbridge denies all remaining averments of Counterclaim Paragraph 10.

11.    Walbridge avers that the Subcontract is a written agreement that speaks for itself and that the Addendum is a written document that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 11 that are inconsistent with or not directly derived from the Subcontract or the Addendum. Walbridge denies all remaining averments of Counterclaim Paragraph 11.

12.    Walbridge avers that the Subcontract is a written agreement that speaks for itself and that the Addendum is a written document that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 12 that are inconsistent with or not directly derived from the Subcontract or the Addendum. Walbridge denies all remaining averments of Counterclaim Paragraph 12.

13.    Walbridge avers that the Subcontract is a written agreement that speaks for itself and that the Addendum is a written document that speaks for itself,

and Walbridge denies all averments of Counterclaim Paragraph 13 that are inconsistent with or not directly derived from the Subcontract or the Addendum. Walbridge denies all remaining averments of Counterclaim Paragraph 13.

14.     Walbridge avers that the Subcontract is a written agreement that speaks for itself and that the Addendum is a written document that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 14 that are inconsistent with or not directly derived from the Subcontract or the Addendum. Walbridge denies all remaining averments of Counterclaim Paragraph 14.

15.     Walbridge avers that the Subcontract is a written agreement that speaks for itself and that the Addendum is a written document that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 15 that are inconsistent with or not directly derived from the Subcontract or the Addendum. Walbridge denies all remaining averments of Counterclaim Paragraph 15.

16.     Walbridge avers that the Addendum is a written document that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 16 that are inconsistent with or not directly derived from the Addendum.  Walbridge denies all remaining averments of Counterclaim Paragraph 16.

17.     Walbridge avers that the Addendum is a written document that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 17 that

are inconsistent with or not directly derived from the Addendum.  Walbridge

denies all remaining averments of Counterclaim Paragraph 17.

18.     Walbridge avers that the Addendum is a written document that speaks

for itself, and Walbridge denies all averments of Counterclaim Paragraph 18 that

are inconsistent with or not directly derived from the Addendum.  Walbridge

denies all remaining averments of Counterclaim Paragraph 18.

19.     Walbridge avers that the Subcontract is a written agreement that

speaks for itself and that the Addendum is a written document that speaks for itself,

and Walbridge denies all averments of Counterclaim Paragraph 19 and

Subparagraphs 19(a) through 19(m) that are inconsistent with or not directly

derived from the Subcontract or the Addendum.  Walbridge denies all remaining

averments of Counterclaim Paragraph 19.

20.     Walbridge avers that the Subcontract is a written agreement that

speaks for itself, and Walbridge denies all averments of Counterclaim

Paragraph 20 and Subparagraphs 20(a) and (b) that are inconsistent with or not

directly derived from the Subcontract.  Walbridge denies all remaining averments

of Counterclaim Paragraph 20.

21.     Walbridge avers that the Subcontract is a written agreement that

speaks for itself and that the Addendum is a written document that speaks for itself,

and Walbridge denies all averments of Counterclaim Paragraph 21 that are inconsistent with or not directly derived from the Subcontract or the Addendum. Walbridge denies all remaining averments of Counterclaim Paragraph 21.

22.     Walbridge avers that the Subcontract is a written agreement that speaks for itself and that the Addendum is a written document that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 22 that are inconsistent with or not directly derived from the Subcontract or the Addendum. Walbridge denies all remaining averments of Counterclaim Paragraph 22.

23.     Walbridge denies the averments of Counterclaim Paragraph 23 and Subparagraphs 23(a) through 23(q).

24.     Walbridge denies the averments of Counterclaim Paragraph 24.

25.     Walbridge denies the averments of Counterclaim Paragraph 25.

26.     Walbridge denies the averments of Counterclaim Paragraph 26.

27.     Walbridge denies the averments of Counterclaim Paragraph 27.

28.     Walbridge denies the averments of Counterclaim Paragraph 28.

29.     Walbridge denies the averments of Counterclaim Paragraph 29.

30.     Walbridge denies the averments of Counterclaim Paragraph 30.

31.     Walbridge denies the averments of Counterclaim Paragraph 31.

32.     Walbridge denies the averments of Counterclaim Paragraph 32.

33.     Walbridge denies the averments of Counterclaim Paragraph 33.

34.     Walbridge denies the averments of Counterclaim Paragraph 34.

35.     Walbridge denies the averments of Counterclaim Paragraph 35.

36.     Walbridge avers that the Subcontract is a written agreement that speaks for itself, and Walbridge denies all averments of Counterclaim Paragraph 36 that are inconsistent with or not directly derived from the Subcontract.  Walbridge denies all remaining averments of Counterclaim Paragraph 36.

37.     Walbridge denies the averments of Counterclaim Paragraph 37.

38.     Walbridge denies the averments of Counterclaim Paragraph 38.

## COUNT TWO
## QUANTUM MERUIT
## (IN THE ALTERNATIVE TO COUNT ONE)

39.     Walbridge reasserts and incorporates by this reference the responses to Counterclaim Paragraphs 1 through 6 stated above.

40.     Walbridge denies the averments of Counterclaim Paragraph 40.

41.     Walbridge denies the averments of Counterclaim Paragraph 41.

42.     Walbridge denies the averments of Counterclaim Paragraph 42.

43.     Walbridge denies the averments of Counterclaim Paragraph 43.

44.     Walbridge denies the averments of Counterclaim Paragraph 44.

45.     Walbridge denies the averments of Counterclaim Paragraph 45.

46.     Walbridge denies the averments of Counterclaim Paragraph 46.

47.     Walbridge denies the averments of Counterclaim Paragraph 47 and

Subparagraphs 47(a) through (e).

Walbridge denies the averments contained in the prayer for relief and the

*ad damnum* clause, as well as any other averments contained in the Counterclaim

that are not specifically admitted hereinabove.

WHEREFORE, Walbridge prays that the Court enter judgment in favor of

Walbridge and against D & N on all Counts contained in D & N'S Counterclaim,

and that the Court grant Walbridge such further and additional relief as it deems

just and proper.

This 16th day of February, 2012.

                              SMITH, CURRIE & HANCOCK LLP


                              /s/ Douglas L. Tabeling
                              Eric L. Nelson
                              Georgia Bar No. 537850
                              elnelson@smithcurrie.com
                              Douglas L. Tabeling
                              Georgia Bar No. 123671
                              dltabeling@smithcurrie.com
                              Smith, Currie & Hancock LLP
                              245 Peachtree Center Avenue, N.E.

Suite 2700 Marquis One Tower
Atlanta, Georgia   30303-1227
Telephone:  404-521-3800
Facsimile:   404-688-0671

Attorneys for Walbridge Aldinger Company

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **WALBRIDGE ALDINGER COMPANY'S ANSWER TO COUNTERCLAIM OF D & N ELECTRIC COMPANY** filed with the Clerk of the Court has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1C.

This 16th day of February, 2012.

/s/ Douglas L. Tabeling
Douglas L. Tabeling
Georgia Bar No. 123671
dltabeling@smithcurrie.com
Smith, Currie & Hancock LLP
245 Peachtree Center Avenue, N.E.
Suite 2700 Marquis One Tower
Atlanta, Georgia   30303-1227
Telephone:    404-521-3800
Facsimile:    404-688-0671

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **WALBRIDGE ALDINGER COMPANY'S ANSWER TO COUNTERCLAIM OF D & N ELECTRIC COMPANY** has been filed electronically via the Court's CM/ECF system, which will send Notice of Electronic Filing to the following:

| | |
|---|---|
| Brian Joseph Duva | bduva@mfllaw.com |
| Jeremy Catlin | jeremy.catlin@swiftcurrie.com |
| Kenneth A. Shapiro | kshapiro@mindspring.com |
| Patrick Joseph O'Connor | patrick@mitchellshapiro.com |
| Ronald J. Garber | ron@wzlegal.com |
| Stephen Michael Schatz | steve.schatz@swiftcurrie.com |
| Aaron Andrew Miller | amiller@mfllaw.com |

This 16th day of February, 2012.

/s/ Douglas L. Tabeling
Douglas L. Tabeling
Georgia Bar No. 123671
dltabeling@smithcurrie.com
Smith, Currie & Hancock LLP
245 Peachtree Center Avenue, N.E.
Suite 2700 Marquis One Tower
Atlanta, Georgia   30303-1227
Telephone:     404-521-3800
Facsimile:     404-688-0671