

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WALBRIDGE ALDINGER COMPANY,   )
                              )
        Plaintiff,            )
                              )          Civil Action
v.                            )          No. 1:11-CV-04602-ODE
                              )
D & N ELECTRIC COMPANY,       )
DNS CONSOLIDATED, INC., and   )
MATTHEW ARMSTRONG,            )
Individually,                 )
                              )
        Defendants.           )
_____)

### PLAINTIFF WALBRIDGE ALDINGER COMPANY'S OBJECTIONS AND ANSWERS TO DEFENDANT D & N ELECTRIC COMPANY'S FIRST [SECOND] INTERROGATORIES

Plaintiff Walbridge Aldinger Company ("Plaintiff" or "Walbridge"), subject to the objections stated herein and without waiving any objection, answers and otherwise responds to Defendant D&N Electric Company's First [Second] Interrogatories as follows:

#### GENERAL OBJECTIONS

1.      Walbridge objects to each definition, instruction, and interrogatory contained in the Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, or seek to impose duties or obligations in addition to or more expansive than those required by the Federal Rules of Civil Procedure.

**Exhibit 9**

2.　　Walbridge objects to each interrogatory to the extent it seeks discovery of any document or information that is protected by any privilege or immunity, including, without limitation, the attorney-client privilege, the work-product doctrine or privilege, or any other recognized privilege or immunity. Walbridge waives no privilege, immunity, or protection by the inadvertent production of information or documents.

3.　　Walbridge objects to each interrogatory to the extent it is intended or could be construed to call upon Walbridge to provide personal, confidential, or proprietary financial, accounting, health, or medical information, or any other personal, confidential, or proprietary information, that is not relevant to any issue in dispute in this case.

4.　　Walbridge objects to each interrogatory to the extent it calls upon Walbridge to provide personal, confidential, or proprietary financial, accounting, health, or medical information, or any other personal, confidential, or proprietary information, that is relevant to a disputed issue in this case unless and until an appropriate protective order is in place to ensure that the confidentiality of such information is preserved and that the rights and interests of Walbridge, its employees, and non-parties are adequately protected.

5.　　Walbridge objects to each Interrogatory to the extent it assumes facts not admitted by Walbridge.

6.      Walbridge objects to each Interrogatory to the extent it seeks information not known by Walbridge.

7.      Walbridge expressly reserves the right to supplement, revise, and/or correct its answers to the Interrogatories through deposition testimony, amended answers, or otherwise upon the conclusion of discovery or as more information and facts are disclosed during the course of discovery.

8.      Walbridge does not assume the obligation to supplement, revise, and/or correct its answers to the Interrogatories through deposition testimony, amended answers, or otherwise.

## RESPONSES TO SPECIFIC INTERROGATORIES

### Interrogatory No. 1

Describe in detail each item of D & N's work for the Ft. Stewart Project that Walbridge performed or had any person or entity other than D & N perform, including in such detailed description the scope of the work performed, the name of the entity or person who completed such item of work and the amount of costs paid by Walbridge for such item of work.

#### Response

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. Su bject to this objection, attached as Exhibit A are subcontract change orders detailing the work within the scope of D&N's subcontract that was performed by Walbridge or by others.

- 3 -

**Interrogatory No. 2**

Describe each warranty that D & N failed to furnish Walbridge as required by the IBCT Subcontract.

**Response**

Since the filing of the Complaint in this case, Walbridge has identified and possesses all of the warranties required of D&N.

**Interrogatory No. 3**

Identify by Bates Numbers or data date and run date each schedule for the Ft. Stewart Project that was agreed to by D & N and describe in detail the facts showing such agreement.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. Subject to this objection, Walbridge states that submitted schedules to D&N during the course of the project. In certain cases, D&N provided input or responses to the schedules. In other cases, D&N failed to object to or provide responses to the schedules. All schedules and all communications between D&N and Walbridge concerning the schedules were produced to D&N and the burden of deriving or ascertaining the answer to this interrogatory from the documents produced is substantially the same for either party.

**Interrogatory No. 4**

Describe in detail each item of work on the Ft. Stewart Project that D & N damaged, including in such description the particular item of work that was damaged, the name of the subcontractor of the work that was damaged and the amount of costs paid by Walbridge as a result of such damage.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. Su bject to this objection, attached as Exhibit A are subcontract change orders detailing the work that D&N damaged.

**Interrogatory No. 5**

Identify with specificity each product or item provided by D&N to the Project that failed to comply with the Buy-American Act.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. Subject to this objection, Walbridge is aware of certain items not complying with the Buy American Act based on information furnished to it by the Corps of Engineers. After investigating this matter, D&N produced documents to Walbridge, which are in D&N's possession, in which it purportedly identifies materials that did not comply with the Buy American Act and were installed on the project. At this time, Walbridge is not aware of any materials other than those

identified by D&N that failed to comply with the Buy American Act. All documents concerning the Buy American Act in Walbridge's possession were produced to D&N and the burden of deriving or ascertaining the answer to this interrogatory from the documents produced is substantially the same for either party.

**Interrogatory No. 6**

Describe in detail all damages and amounts of damages incurred by Walbridge as a result of any actual, alleged or claimed failure of D & N to comply with the Buy-American Act, including in such description all costs, expenses and other damages already incurred and all ongoing costs and expenses incurred in association with D & N's actual, alleged or claimed violations of the Buy American Act.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome.  Walbridge has incurred $1,575 in outside counsel fees.  Walbridge has incurred the cost of personnel to investigate and address D&N's violation of the Buy American Act, including approximately 250 hours of time.

**Interrogatory No. 7**

Describe in detail each item of each claim of D&N that was not supported by proper documentation or that was intentionally inflated or overbilled in violation of the IBCT Subcontract as alleged in Paragraph 20 of the Complaint.

### Response

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. D&N overbilled Walbridge for overtime D&N spent to rectify its own inefficient and inadequate performance and its own mismanagement. D&N misrepresented the amounts owed and paid to its supplier Graybar Electric Company. D&N overbilled for installation of the SIPRNET. D&N overbilled for painting fire-alarm conduit. D&N overbilled for installing OSP-type cable under the slab.

### Interrogatory No. 8

State all material facts that support the allegations in Paragraph 20 of the Complaint.

### Response

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. Subject to this objection, Walbridge incorporates by this reference its response to Interrogatory No. 7 above.

### Interrogatory No. 9

State all material facts that support each of Walbridge's Affirmative Defenses to D & N's Counterclaim.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. Subject to this objection, Walbridge states as follows:

1.     D&N's counterclaim fails to state a claim upon which relief can be granted. D&N does not have a cause of action against Walbridge in quantum meruit because a valid subcontract exists between D&N and Walbridge. In addition, D&N waived and released claims against Walbridge for which it is now seeking compensation. D&N also materially breached its contract with Walbridge first and therefore has no cause of action for breach of contract.

2.     D&N's action is barred in whole or in part by the failure to satisfy, or the non-occurrence of, various conditions precedent contained in the subcontract agreement (the "Subcontract") between Walbridge and D&N concerning the 5th Infantry Brigade Combat Team Complex construction project (the "IBCT Project") at Fort Stewart, Georgia, including but not limited to D&N's failure to provide proper notice of its claims according to the Subcontract terms, D&N's failure to submit its claims according to the Subcontract terms, D&N's waiver and release of its claims, D&N's requests for payment for claims that are not compensable according to the Subcontract terms, and D&N's failure to perform and complete its work according to the Subcontract terms.

- 8 -

3.      D&N's action is barred in whole or in part by D&N's failure to submit its requests for adjustments to its Subcontract time and amount to Walbridge as required by the Subcontract to be passed through to the Corps of Engineers.

4.      D&N's action is barred in whole or in part by Walbridge's payment to D&N. Walbridge has paid D&N all amounts due and owing.

5.      D&N's action is barred in whole or in part by the doctrine of accord and satisfaction. D&N executed change orders for certain work and is now attempting to seek adjustments to its subcontract price for those same change orders.

6.      D&N's action is barred in whole or in part by waiver. D&N executed interim waivers and releases with its pay applications and waived its right to the claims that it is making in this lawsuit. D&N also signed waivers in several of the change orders that it executed.

7.      D & N's action is barred in whole or in part by release. D&N executed interim waivers and releases with its pay applications and released the claims that it is making in this lawsuit. D&N also signed releases in several of the change orders that it executed.

8.      D&N failed to perform its Subcontract obligations as described in Walbridge's complaint, therefore its action is barred by failure of consideration.

9.     D&N's action is barred in whole or in part by recoupment. Walbridge incurred certain costs in correcting D&N's work as noted in Exhibit A and for D&N's violations of the Buy American Act and is entitled to recoup these amounts from D&N.

10.     D&N's action is barred in whole or in part by estoppel. D&N waived and release claims that it is making in this lawsuit and should be estopped from asserting these claims. D&N failed to comply with the subcontract terms as described in Walbridge's Complaint and should therefore be estopped from bringing an action against Walbridge for breach of contract.  D&N also failed to comply with its subcontract provisions concerning the submission of claims and giving Walbridge timely and adequate notice of the claims and should therefore be estopped from asserting the claims.

11.     Count Two of D&N's Complaint is barred by the existence of a written contract (the Subcontract) that governs all of D&N's work on the IBCT Project and that governs the payment to which D&N is entitled for such work. Count Two of D & N's Complaint is barred because Walbridge derived no benefit from D & N's work on the IBCT Project beyond what was called for by the Subcontract.

**Interrogatory No. 10**

Describe in detail each item for which D&N failed to perform its design-assist role as required under the IBCT Subcontract.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. Subject to this objection, D&N failed to provide perform its design assist role relating to its work for the SIPRNet, communications system, fire conduit painting, and several other aspects of its work. D&N did not coordinate and assist the project's design professionals in system design and material selection as necessary to meet the requirements of the contract documents. D&N failed to take the design lead and give the design professionals adequate input in developing final design documents. D&N failed to give assistance to the design professionals, including failing to give consultation, analysis, and input as to the potential costs, technical construction,, and time requirements for procurement and installation of D&N's work, availability of labor and materials, and alternative approaches to design, furnishing and installation of the D&N's work. D&N also failed to give assistance to the design professionals in ensuring that D&N's work complied with the technical requirements of the Corps of Engineers.

**Interrogatory No. 11**

Identify by amount and detailed description each item of damages claimed or to be claimed by Walbridge against D & N in this action.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome.  Subject to this objection, Walbridge identified its damages in its supplement to its Initial Disclosures and in its response to Interrogatory No. 6 above.

**Interrogatory No. 12**

Provide a detailed computation of each item of damage claimed or to be claimed by Walbridge against D & N in this action.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome.  Subject to this objection, Walbridge identified its damages in its supplement to its Initial Disclosures and in its response to Interrogatory No. 6 above.

**Interrogatory No. 13**

Identify each person who prepared or assisted in preparing any of Walbridge's damages claimed or to be claimed against D & N in this action, and, as to each such person, state the substance of such person's knowledge as to such damages and the calculation of such damages.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome.  Without waiving or excluding any other objection, Walbridge reiterates its objection to this interrogatory to the extent it seeks discovery of any information that is protected by the attorney-client privilege or the work-product doctrine or privilege.  Subject to these objections, John Walker assisted in calculating Walbridge's damages.

**Interrogatory No. 14**

Identify each person who has knowledge of any of the material facts or allegations that Walbridge's Complaint or Walbridge's Answer to D&N's Counterclaim in this action, and, as to each such person, state the substance of such person's knowledge as to such facts and allegations.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection that this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. The following Walbridge employees have knowledge concerning the facts stated in Walbridge's complaint and in Walbridge's answer to D&N's counterclaim:

- Jack Cure: Mr. Cure was a superintendent and quality control provider for Walbridge concerning certain aspects of the work.

- James (Duane) White: Mr. White was a project superintendent for Walbridge and has knowledge of D&N's work and performance failures on the project and has knowledge of D&N's claims.

- Bill Hughes: Mr. Hughes was an engineering manager for Walbridge on the project and has knowledge of the electrical engineering package.

- Jeff Schulman: Mr. Schulman was a senior engineering manager for Walbridge on the project and has knowledge of the electrical engineering package.

- Nicole Zagorski: Ms. Zagorski was an administrative assistant for Walbridge on the project.

- Al Stevens: Mr. Stevens was an engineering manager for Walbridge on the project and has knowledge of the electrical engineering package.

- Mary Anderson: Ms. Anderson was the project scheduler for Walbridge.

- Rubina Ramos: Ms. Ramos was a contract accounting and administrator for Walbridge and is familiar with certain cost and pricing issues associated with D&N's work.

- Rusty Jackson: Mr. Jackson was a project superintendent for Walbridge and is familiar with most aspects of the electrical work on the project.

- Jason Klingensmith: Mr. Klingensmith was a project estimator for Walbridge and is familiar with the estimate and pricing for the electrical work on the project.

- Scott Penrod: Mr. Penrod is a vice president for Walbridge and is familiar with the estimate and pricing for the electrical work on the project.

- David Evangelista: Mr. Evangelista was a project superintendent for Walbridge and is familiar with work in the vault areas.

- Scott Dunn

- John Walker: Mr. Walker was the project manager for Walbridge and is familiar with all general aspects of the project, including but not limited to, the work performed by D&N, D&N's performance failures, and the claims submitted by D&N.

- Marc Michon: Mr. Michon is a project engineer with Walbridge and has knowledge of the electrical design and D&N's work.

- Gary Webb: Mr. Webb was the project executive for Walbridge and has knowledge of some of D&N's performance failures on the project and of D&N's claims.

- Michael Haller: Mr. Haller is a general manager with Walbridge and has knowledge of some of D&N's performance failures.

- Ronald Hausmann: Mr. Hausmann is a general manager with Walbridge and has knowledge of some of D&N's performance failures on the project and some of D&N's claims.

**Interrogatory No. 15**

Identify each person you expect to call as an expert witness at trial in this action, and as to each such person state:

(a) the subject matter on which each such expert is expected to testify;

(b) the substance of the facts and opinions to which the expert is expected to testify; and

(c) a summary of the grounds for each opinion.

**Response**

Without waiving or excluding any other objection, Walbridge reiterates its objection to this interrogatory to the extent it seeks discovery of any information that is protected by the attorney-client privilege or the work-product doctrine or privilege. Subject to this objection, Walbridge has not yet identified an expert to testify in this matter.  Walbridge will supplement this response upon identifying such an expert.

This 3rd day of April, 2013.

SMITH, CURRIE & HANCOCK LLP

Eric L. Nelson
Georgia Bar Number 537850
elnelson@smithcurrie.com
Douglas L. Tabeling
Georgia Bar Number 123671

- 16 -

dltabeling@smithcurrie.com
Lochlin B. Samples
Georgia Bar Number 303893
lbsamples@smithcurrie.com

245 Peachtree Center Avenue, N.E.
Suite 2700 Marquis One Tower
Atlanta, Georgia   30303-1227
Telephone:   (404) 521-3800
Facsimile:   (404) 688-0671

*Attorneys for Plaintiff*
*Walbridge Aldinger Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WALBRIDGE ALDINGER COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>D & N ELECTRIC COMPANY, )<br>DNS CONSOLIDATED, INC., and )<br>MATTHEW ARMSTRONG, )<br>Individually, )<br>)<br>Defendants. )<br>_____ ) | Civil Action<br>No. 1:11-CV-04602-ODE |

### RULE 26.3 CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2013, I served a true and correct copy of

**PLAINTIFF WALBRIDGE ALDINGER COMPANY'S OBJECTIONS AND**

**ANSWERS TO DEFENDANT D & N ELECTRIC COMPANY'S FIRST**

**[SECOND] INTERROGATORIES** on counsel of record for all parties via U.S.

Mail, first-class postage prepaid and addressed as follows:

Ronald J. Garber, Esq.                         Patrick J. O'Connor, Esq.
Weissman Zucker Euster Morochnik, P.C.   Kenneth A. Shapiro, Esq.
3490 Piedmont Road                            Mitchell & Shapiro, LLP
Suite 650, One Securities Centre              3490 Piedmont Road, N.E.
Atlanta, Georgia  30305                        Suite 650, One Securities Centre
                                               Atlanta, Georgia  30305

Brian J. Duva, Esq.
Richard S. Bruno, Esq.
Mozley, Finlayson & Loggins, LLP
5605 Glenridge Drive
One Premier Plaza, Suite 900
Atlanta, Georgia   30342-1386

Stephen M. Schatz, Esq.
Mike O. Crawford, Esq.
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, N.E.
The Peachtree, Suite 300
Atlanta, Georgia   30309-3238

This 3rd day of April, 2013.

Douglas L. Tabeling
Georgia Bar Number 123671
dltabeling@smithcurrie.com
SMITH, CURRIE & HANCOCK LLP
245 Peachtree Center Avenue, N.E.
Suite 2700 Marquis One Tower
Atlanta, Georgia   30303-1227
Telephone:   (404) 521-3800
Facsimile:   (404) 688-0671

*Attorneys for Plaintiff*
*Walbridge Aldinger Company*

Counsel certifies that this pleading complies with Local Rule 5.1.
The type is Times New Roman, 14 point.

- 2 -